**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PGX HOLDINGS, INC., *et al.*,[1] | ) ) | Case No. 23-10718 (CTG) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**MOTION OF DEBTORS FOR ENTRY OF AN
ORDER (I) EXTENDING TIME TO FILE SCHEDULES OF
ASSETS AND LIABILITIES, SCHEDULES OF CURRENT INCOME
AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS,
AND RULE 2015.3 FINANCIAL REPORTS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs as required by section 521 of the Bankruptcy Code (as defined herein) and rule 1007 of the Bankruptcy Rules (as defined herein

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Heath, Attorney At Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the Debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chad Wallace, Chief Executive Officer of PGX Holdings, Inc., in Support of Chapter 11 Filing and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith on June 4, 2023 (the "Petition Date") and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

and collectively, the "Schedules and Statements") by thirty days, in addition to the extension provided by rule 1007-1(b) of the Local Rules (as defined herein), for a total of fifty-eight days from the Petition Date, to and including August 1, 2023, without prejudice to the Debtors' ability to request additional extensions for cause shown, (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3 (the "2015.3 Reports"), or to file a motion with the Court seeking a modification of such reporting requirements for cause, to the later of (i) thirty days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting") or (ii) forty-four days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions, and (c) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007(c)

and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1007-1(b).

## Background

5.  The Debtors are one of the nation's leading credit repair service providers, helping customers repair their credit and achieve their credit goals. Setting the industry standard for transparency, cutting edge technology-enabled solutions, and quality customer service, the Debtors help consumers access and understand the information contained in their credit reports, ensure that the information contained in those reports is fair, accurate, and complete, and address other factors that may negatively impact their credit scores. The Debtors are headquartered in Salt Lake City, Utah and have employees in nine other states. Debtor PGX Holdings, Inc. and Debtor John C. Heath, Attorney At Law PC d/b/a Lexington Law Firm ("Lexington Law") generated approximately $388 million in combined revenue in 2022. As of the Petition Date, the Debtors have approximately $423 million in funded-debt obligations.

6.  As set forth in greater detail in the First Day Declaration, certain Debtors are currently involved in litigation with the Consumer Financial Protection Bureau (the "CFPB") before the United States District Court for the District of Utah (the "District Court"). In such litigation, on five separate counts, the CFPB alleged that the defendant Debtors committed certain violations of federal consumer protection law through operation of their consumer assistance and credit repair business. On March 10, 2023, the District Court granted partial summary judgment against these Debtors on the first count in the litigation, finding that the billing practices were in violation of 16 C.F.R. § 310.4(a)(2), the Telemarketing Sales Rule (the "TSR"). In connection with the first count, the CFPB demanded nearly $3 billion in restitution or refunds and other monetary relief, along with certain injunctive relief.

7. In response to the District Court's ruling on the TSR count, and a subsequent denial of a stay of the ruling, the Debtors immediately stopped certain telemarketing activities, closed many of their call centers, and began evaluating the impact of the ruling on the future of their business, a process that remains ongoing. Following the Debtors' reduction of business operations, the Debtors' revenues also declined. Upon further review, the Debtors determined that their liquidity would continue to be severely constrained and their debt obligations are now unsustainable in light of their smaller operational footprint and decreased revenues going forward. The Debtors have commenced these chapter 11 cases to fully and fairly resolve their liabilities, with the aim of preserving value for stakeholders and maintaining the ability to deliver best-in-class crucial credit repair services to customers.

8. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## Basis for Relief

**I.    Cause Exists to Extend the Time to File the Schedules and Statements.**

9. The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) normally require debtors to file their Schedules and Statements within fourteen days after their petition date. Local Rule 1007-1(b), however, extends the filing deadline for such Schedules and Statements to twenty-eight days after the petition date if the bankruptcy petition is accompanied by a list of all of the debtor's creditors and their addresses, in accordance

with Local Rule 1007-2, and if the total number of creditors in a debtor's case or, in the case of jointly administered cases, the debtors' cases, exceeds two hundred.  The Debtors here have filed a list of creditors in accordance with Local Rule 1007-2, which list reflects that the total number of their creditors exceeds two hundred.

10. The Court has the authority to grant the requested extension under Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-l(b).  Bankruptcy Rules 1007(c) and 9006(b) allow the Court to extend the filing deadline for the Schedules and Statements "for cause shown."  Similarly, Local Rule 1007-l(b) provides that such an extension may be granted for cause.  Showing "cause" merely requires that a debtor "demonstrate some justification for the issuance of the order" and bankruptcy courts will normally grant such extensions "in the absence of bad faith or prejudice to the adverse party."  *See, e.g.*, *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted).

11. Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements.  The ordinary operation of the Debtors' business requires the Debtors to maintain voluminous books, records, and complex accounting systems.  To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to a myriad of claims of their creditors, many of whom are customers, and the Debtors' many assets and contracts.  This information is extensive and located in numerous places throughout the Debtors' organization.  Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term.

12. Given the substantial burdens already imposed on the Debtors' management by the TSR ruling, the ongoing CFPB litigation, and commencement of these chapter 11 cases, the competing demands upon the Debtors' employees to collect information, and the time and attention the Debtors must devote to the restructuring process, the Debtors submit that good cause exists to extend the current deadline by thirty days, until fifty-eight days after the Petition Date. The requested extension will enhance the accuracy of the Schedules and Statements when filed and help avoid the potential necessity of substantial subsequent amendments. The Debtors request such an extension without prejudice to their rights to seek further extensions or waivers from the Court for cause shown. Moreover, an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

13. Accordingly, the Debtors submit that a thirty-day extension of time to file the Schedules and Statements, without prejudice to their ability to request additional extensions, is appropriate and warranted under the circumstances. Courts in this district have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Starry Group Holdings, Inc.*, No. 23-10219 (KBO) (Bankr. D. Del. Apr. 5, 2023) (granting debtors a total of forty-two days from the petition date to file their schedules and statements); *In re Stanadyne LLC*, No. 23-10207 (TMH) (Bankr. D. Del. Mar. 31, 2023) (granting debtors a total of sixty days from the petition date to file their schedules and statements); *In re Clovis Oncology, Inc.*, No. 22-11292 (JKS) (Bankr. D. Del. Dec. 7, 2022) (granting debtors a total of forty-six days from the petition date to file their schedules and statements); *In re PWM Prop. Mgmt LLC*, No. 21-11445 (MFW) (Bankr. D. Del. Dec. 1, 2021) (granting debtors a total of eighty-eight days from the petition date to file their schedules and statements); *In re Town Sports Int'l, LLC*, No. 20-12168 (CSS) (Bankr. D. Del. Oct.

9, 2020) (granting debtors a total of fifty-eight days from the petition date to file their schedules and statements).[3]

## II.   Cause Exists to Extend the Time to File the 2015.3 Reports.

14.   Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting, and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest.  *See* Fed. R. Bankr. P. 2015.3(a)–(c).  Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause."  Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that a debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available."  Fed. R. Bankr. P. 2015.3(d).

15.   Certain of the Debtors maintain interests in non-debtor affiliates that are subject to Bankruptcy Rule 2015.3 and, as such, are required to file 2015.3 Reports.  The Debtors are not in a position to complete the initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3 due to (a) the size, complexity, and geographic scope of the Debtors' businesses, (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases, and (c) the same considerations supporting an extension of the date by which to file the Schedules and Statements.  Cause accordingly exists to extend the deadline for filing the 2015.3 Reports as requested herein.

---

[3]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

16.     Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their advisors and the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to the later of (a) thirty days after the 341 Meeting, or (b) forty-four days from the Petition Date pursuant to Bankruptcy Rule 2015.3(d).

17.     Courts in this district and the Third Circuit have found "cause" to extend the deadline for filing 2015.3 Reports in a number of cases. *See, e.g.*, *In re Starry Group Holdings, Inc.*, No. 23-10219 (KBO) (Bankr. D. Del. Apr. 11, 2023) (granting debtors a 14-day extension to file 2015.3 reports); *In re Stimwave Techs. Inc.*, No. 22-10541(KBO) (Bankr. D. Del. July 29, 2022) (same); *In re Alliant Techs., L.L.C.*, No. 21-19748 (JKS) (Bankr. D.N.J. Feb. 28, 2022) (granting a six-day extension to file 2015.3 reports); *In re GNC Holdings, Inc.*, No. 20-11662 (KBO) (Bankr. D. Del. July 20, 2020) (granting a forty-two-day extension to file 2015.3 reports); *In re Akorn, Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. June 23, 2020) (extending the deadline to file 2015.3 reports through the later of (i) thirty days after the first date scheduled for the meeting of creditors pursuant to section 341 of the Bankruptcy Code, or (ii) forty-one days from the petition date).[4]

## Notice

18.     The Debtors will provide notice of this motion to: (a) the United States Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis);

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

(c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the DIP Agent and counsel thereto; (i) First Lien Credit Agreement Agent and counsel thereto; (j) the Second Lien Credit Agreement Agent and counsel thereto; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19.     No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: June 5, 2023
Wilmington, Delaware

/s/ *Domenic E. Pacitti*

| | |
|---|---|
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Domenic E. Pacitti (DE Bar No. 3989) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Michael W. Yurkewicz (DE Bar No. 4165) | 601 Lexington Ave |
| 919 North Market Street, Suite 1000 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone: (212) 446-4800 |
| Telephone: (302) 426-1189 | Facsimile: (212) 446-4900 |
| Facsimile: (302) 426-9193 | Email: joshua.sussberg@kirkland.com |
| Email: dpacitti@klehr.com | |
| myurkewicz@klehr.com | - and - |
| - and - | Spencer Winters (*pro hac vice* pending) |
| | Whitney C. Fogelberg (*pro hac vice* pending) |
| Morton R. Branzburg (*pro hac vice* pending) | Alison J. Wirtz (*pro hac vice* pending) |
| 1835 Market Street, Suite 1400 | 300 North LaSalle |
| Philadelphia, Pennsylvania 19103 | Chicago, Illinois 60654 |
| Telephone: (215) 569-3007 | Telephone: (312) 862-2000 |
| Facsimile: (215) 568-6603 | Facsimile: (312) 862-2200 |
| Email: mbranzburg@klehr.com | Email: spencer.winters@kirkland.com |
| | whitney.fogelberg@kirkland.com |
| | alison.wirtz@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |