**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re:<br><br>PGX Holdings, Inc., *et al.,*<br><br>Debtors. | Case No. 23-10718-CTG<br><br>Chapter 11 Proceedings<br><br>(Jointly Administered)<br><br>**[Relates to Docket No. 70]** |

**MARICOPA COUNTY TREASURER'S OBJECTION TO INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) GRANTING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, (V) SCHEDULING A FINAL HEARING, AND (VI) GRANTING RELATED RELIEF**

Maricopa County Treasurer ("MCT"), a secured tax lien creditor, by and through its undersigned counsel, hereby objects to the *Interim Order (I) Authorizing the Debtors to (A) Obtain PostPetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and SuperPriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief*. (DE 70) (the "Interim Financing Order"). MCT objects to the Interim Financing Order and the related Motion (DE 17) for the reasons set forth below.

**MCT's Claims**

MCT filed a secured tax claim in case #23-10725 in the amount of $8,298.26 for the estimated 2023 taxes relating to Debtors' personal property in Maricopa County, Arizona. The MCT Claim includes parcel 994-32-231, which relates to the personal property that is or was located at 2133 W. Peoria Avenue, Phoenix, AZ.

MCT filed a secured tax claim in the amount of $5,514.92 for the estimated 2023 taxes relating to Debtors' personal property in Maricopa County, Arizona. The MCT Claim

includes parcel 993-69-816, which relates to the personal property that is or was located at 20620 N. 19th Avenue, Suite 200, Phoenix, AZ.

Arizona law provides the following.

a. The personal property tax liens attached on January 1 of the respective tax year and the taxes are not discharged until the taxes and interest are paid in full or title to the property vests in a purchaser of the property for taxes. A.R.S. §§ 42-17153 and 42-19106.

b. The tax liens are "prior and superior to any other liens of every kind and description regardless of when another lien attached." A.R.S. §§ 42-19106 and 42-17153.

c. Interest accrues at the statutory rate of 16% per annum until the taxes are paid in full. 11 U.S.C. § 511 and A.R.S. § 42-18053.

### **Objections**

MCT objects to the Interim Financing Order and related Motion to the extent that they seek to prime MCT's valid, enforceable, senior tax liens on Debtors' personal property located in Maricopa County, Arizona. Throughout the Interim Financing Order, it is indicated that the DIP Liens sought will be subject to Prepetition Permitted Liens. However, the Interim Financing Order is unclear if the MCT tax liens qualify as Prepetition Permitted Liens. Further, the DIP Loan Agreement attached to the Interim Financing Order as Exhibit A does not define Prepetition Permitted Liens. The DIP Loan Agreement defines "Permitted Liens", which includes liens for taxes not yet due and payable. (DE 70, Exhibit A, p. 34). The DIP Loan Agreement also defines "Permitted Prior Lien", which means "any of those existing Liens set forth on Schedule 7.02(a) that under applicable law, are senior to, and have not been subordinated to, the DIP Liens…" (DE 70, Exhibit

A, p. 36). Schedule 7.02(a) lists "None" (DE 70, Exhibit A, Schedule 7.02(a)). Therefore, the status of the MCT tax liens under the Interim Financing Order is unclear.

MCT further objects to the Interim Financing Order and related Motion to the extent that the MCT tax liens are not adequately protected. Paragraph 35 of the Interim Financing Order provides the following.

> [U]nless otherwise ordered by the Court, including without limitation pursuant to the Sale Order, all cash proceeds generated from the sale of any assets secured by the Prepetition Secured Liens or the DIP Liens shall be paid to the DIP Lenders and the Prepetition Secured Lenders upon the closing of such sale for permanent application against the obligations owing by the Debtors under the DIP Documents in accordance with the terms and conditions of the DIP Orders, the DIP Documents and the Prepetition Secured Loan Documents, each as applicable, until such time as all DIP Obligations and the Prepetition Secured Loan Obligations have been Paid in Full and all Adequate Protection Obligations have been indefeasibly paid in full. (DE 70, Interim Financing Order, pp. 72-73)

Perhaps the above provision is included in the Interim Financing Order in the event the sale or sales of assets is ultimately to parties other than the Stalking Horse Bidders. In addition to the Interim Financing Order, the Debtors have also filed a motion to sell substantially all assets (DE 66, the "Sale Motion"). The Sale Motion proposes two sales to two separate Stalking Horse Bidders. One sale relates to the assets of the Progrexion APA Parties and the other sale relates to the assets of the Lexington Law APA Parties. The purchase price for the Progrexion sale consists of a credit bid plus the assumption by Buyer of the Assumed Liabilities. The purchase price for the Lexington Law sale consists of the assumption and cure of the PGX Operating Agreements plus the assumption by Buyer of the Assumed Liabilities. Neither sale appears to include any cash sale proceeds. To the extent there are cash proceeds generated from the sale or sales of property subject to the MCT tax liens, those cash proceeds constitute MCT's cash collateral and MCT objects to its use to pay any other creditors of this estate. Pursuant to

11 U.S.C. § 363(c)(4), absent consent by MCT, or an order of the Court permitting use of the cash collateral, the Debtors "shall segregate and account for any cash collateral" in their possession. MCT does not consent to the use of its cash collateral and a segregated account in the amount of $13,813.18 must be established from the sale proceeds to comply with the requirements of 11 U.S.C. § 363(c)(4). As senior secured creditors, with liens priming the DIP lenders, MCT objects to any cash sale proceeds being paid over to the DIP Lenders, Prepetition Secured Lenders, or any other junior creditors without first having paid the MCT Claims in full.

WHEREFORE, MCT objects to the Interim Financing Order and the related Motion to the extent that they seek to prime any MCT tax liens and fail to provide adequate protection.

RESPECTFULLY SUBMITTED this 20th day of June, 2023.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

BY: */s/ Peter Muthig*
PETER MUTHIG
Deputy County Attorney
AZ State Bar No. 018526
225 W. Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-1923
E-mail: muthigk@mcao.maricopa.gov
*Attorney for Maricopa County Treasurer*

ORIGINAL of the foregoing E-FILED
this 20th day of June, 2023, with:

Clerk, United States Bankruptcy Court
District of Delaware
824 Market Street, 3rd Floor
Wilmington, DE 19801

. . .

4

| | |
|---|---|
| 1 | COPY of the foregoing mailed/e-mailed, this 20th day of June, 2023, to: |
| 2 | |
| 3 | Joshua A. Sussberg<br>Kirkland & Ellis LLP<br>601 Lexington Avenue |
| 4 | New York, NY 10022<br>Email: Joshua.sussberg@kirkland.com |
| 5 | *Co-Counsel for Debtors* |
| 6 | Spencer Winters<br>Whitney Fogelberg |
| 7 | Alison J. Wirtz<br>Kirkland & Ellis LLP<br>300 N. LaSalle |
| 8 | Chicago, IL 60654<br>Email: spencer.winters@kirkland.com<br>Email: whitney.fogelberg@kirkland.com |
| 9 | Email: Alison.wirtz@kirkland.com<br>*Co-Counsel for Debtors* |
| 10 | |
| 11 | Domenic E. Pacitti<br>Michael W. Yurkewicz<br>Klehr Harrison Harvey Branzburg LLP |
| 12 | 919 N. Market Street, Suite 1000<br>Wilmington, DE 19801<br>Email: dpacitti@klehr.com |
| 13 | Email: myurkewicz@klehr.com<br>*Co-Counsel for Debtors* |
| 14 | |
| 15 | Morton R. Branzburg<br>Klehr Harrison Harvey Branzburg LLP<br>1835 Market Street, Suite 1400<br>Philadelphia, PA 19103 |
| 16 | Email: mbranzburg@klehr.com<br>*Co-Counsel for Debtors* |
| 17 | |
| 18 | Roger Schwartz<br>Geoffrey M. King<br>Timothy Fesenmyer<br>King & Spalding |
| 19 | 1185 Avenue of the Americas<br>New York, NY 10036 |
| 20 | Email: rschwartz@kslaw.com<br>Email: gking@kslaw.com |
| 21 | Email: tfesenmyer@kslaw.com<br>*Counsel for the Prepetition First Lien Lenders And DIP Lenders* |
| 22 | |
| 23 | . . . |
| 24 | . . . |

Robert J. Dehney
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, Suite 1600
Wilmington, DE 19801
Email: rdehney@morrisnichols.com
*Counsel for the Prepetition First Lien Lenders
And DIP Lenders*

Jane M. Leamy
Office of the U.S. Trustee
844 King Street, Suite 2207
Wilmington, DE 19801
Email: jane.m.leamy@usdoj.gov
Email: jane.leamy@usdoj.gov

*/s/ Marcy Delgado*