**Exhibit C**

**Wallace Declaration**

10556333.v4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PGX HOLDINGS, INC., *et al.*,[1] | ) Case No. 23-10718 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF CHAD WALLACE IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF WILLIAMS & CONNOLLY LLP AS SPECIAL LITIGATION COUNSEL EFFECTIVE AS OF JUNE 4, 2023 PURSUANT TO SECTIONS 327(E), 328(A), 330, AND 363(B)(1) OF THE BANKRUPTCY CODE**

I, Chad Wallace, being duly sworn, state the following:

1. I am the Chief Executive Officer and President of the Chief Executive Officer and President of PGX Holdings, Inc. and certain of its affiliated Debtors.

2. I submit this declaration (the "Declaration") in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Williams & Connolly LLP as Special Litigation Counsel Effective as of June 4, 2023 Pursuant to Sections 327 €, 328 (a), 330 and 363 (b)(1) of the Bankruptcy Code* (the "Application").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Health, Attorney At Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

C-2

10556333.v4

## THE DEBTORS' SELECTION OF COUNSEL

3. The Debtors recognize that a comprehensive review process is necessary when selecting and managing counsel to ensure that professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4. To that end, the review process utilized by the Debtors here to select counsel for the CFPB Litigation was based on their expertise in the relevant legal issues and in similar proceedings. The Debtors retained Williams & Connolly because of its extensive experience in large and complex litigation matters. Williams & Connolly has represented the Debtors in the CFPB Litigation and has become familiar with the Debtors' business operations and many of the potential legal issues that may arise in the context of these chapter 11 cases and CFPB Litigation. I believe that Williams & Connolly is both well qualified and uniquely able to represent the Debtor in the CFPB Litigation in an efficient and timely manner.

## RATE STRUCTURE

5. In my capacity as the Chief Executive Officer, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. Williams & Connolly has informed the Debtors that its rates for representations similar to the Debtors are comparable to the rates Williams & Connolly charges for its representations. As discussed below, I am also responsible for reviewing the invoices regularly submitted by Williams & Connolly and can confirm that the rates Williams & Connolly charged the Debtors in the prepetition period are the same as the rates Williams & Connolly will charge the Debtors in the postpetition period.

## COST SUPERVISION

6. The Debtors have approved the prospective budget and staffing plan as reflected in the budget attached as <u>Exhibit B</u> to the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority*

*Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 70], recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Williams & Connolly . The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases. The Debtors will continue to review the invoices that Williams & Connolly regularly submits, and, together with Williams & Connolly, amend the budget and staffing plans periodically, as the case develops.

7. As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved the level of the attorneys and professionals that will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

**PGX HOLDINGS, INC.**
(for itself and on behalf of its affiliated debtors and debtors in possession)

Dated: June 30, 2023

 */s/ Chad Wallace*
Name: Chad Wallace
Title: Chief Executive Officer

10556333.v4