## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PGX HOLDINGS, INC., *et al.*,[1] | Case No. 23-10718 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: July 21, 2023 at 10:00 a.m. (ET)**<br>**Objection Deadline: July 14, 2023 at 4:00 p.m. (ET)** |

### APPLICATION OF THE DEBTORS TO APPROVE THE EMPLOYMENT AND RETENTION OF LANDIS RATH & COBB LLP AS CONFLICTS COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE, PURSUANT TO BANKRUPTCY CODE SECTION 327(A), BANKRUPTCY RULES 2014 AND 2016 AND LOCAL RULE 2014-1

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby submit this *Application of the Debtors to Approve the Employment and Retention of Landis Rath & Cobb LLP as Conflicts Counsel, Nunc Pro Tunc to the Petition Date, Pursuant to Bankruptcy Code Section 327(a), Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1* (the "Application"). In support of the Application, the Debtors rely on the (i) First Day Declaration (defined below), (ii) the Declaration of Matthew B. McGuire (the "McGuire Declaration," a partner at Landis Rath & Cobb LLP ("LRC")) attached hereto as **Exhibit A** and (iii) the Declaration of Chad Wallace (the "Wallace Declaration"), which is attached hereto as **Exhibit B**. In further support of the Application, the Debtors respectfully state as follows:[2]

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Heath, Attorney At Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chad Wallace, Chief Executive Officer of PGX Holdings, Inc., in Support of Chapter 11 Filing and First Day Motions* (the "First Day Declaration"), filed

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court")
has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended
Standing Order of Reference* from the United States District Court for the District of Delaware
dated February 29, 2012.  Venue of these proceedings and this Application in this district is
proper under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning
of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the
United States Constitution.[3]

2.      The statutory predicates for the relief sought herein are section 327(a) of title 11
of the United States Code, 11 U.S.C §§ 101, *et seq*. (as amended or modified, the "Bankruptcy
Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules") and Local Rule 2014-1.

## BACKGROUND

3.      On the Petition Date, the Debtors commenced the above-captioned chapter 11
cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the
Bankruptcy Code with the Court.

4.      The Debtors continue to operate their businesses and manage their properties as
debtors-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108.  As of the date
of this Application, no trustee, examiner or statutory committee has been appointed in these
Chapter 11 Cases.

---

contemporaneously herewith on June 4, 2023 (the "Petition Date") and incorporated by reference herein. Capitalized
terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3] Pursuant to rule 9013-1(f) of the Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the
District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to the entry of a final order by
this Court in connection with this Application if it is later determined that this Court, absent consent of the parties,
cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## RELIEF REQUESTED

5.      The Debtors desire to employ and retain LRC as conflicts counsel to PGX in these Chapter 11 Cases.  By this Application, the Debtors respectfully request that the Court approve the employment and retention of LRC, *nunc pro tunc* to the Petition Date, pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014 and 2016 and Local Rule 2014-1 under a general retainer as conflicts counsel to advise on any matters where PGX may have an interest adverse to Lexington Law Firm and perform the legal services that will be necessary during these Chapter 11 Cases.

6.      LRC has informed the Debtors that Matthew B. McGuire, a partner of LRC, and Matthew R. Pierce, an associate of LRC, as well as other partners and associates of LRC who will be involved in these cases, are members in good standing of various state and federal bars including, specifically, the bar of the State of Delaware.

## LRC'S QUALIFICATIONS

7.      The Debtors have selected LRC as conflicts counsel because of the firm's extensive experience and knowledge, with particular emphasis on its national expertise in the field of debtor and creditor law and business reorganizations under chapter 11 of the Bankruptcy Code.  LRC has a recognized reorganization practice and experience in aspects of the law that are expected to arise in the context of these Chapter 11 Cases.

8.      LRC's practice presently includes ten (10) attorneys, many of whom regularly appear in bankruptcy cases in Delaware and other jurisdictions nationwide.  LRC attorneys have represented debtors, creditors' committees, secured creditors, officers and directors, and other significant parties in a multitude of bankruptcy cases.

9.      In assisting with the preparation of the Debtors' Chapter 11 Cases, LRC worked

closely with the Debtors and their professionals and has been assisting the Debtors in their efforts in these Chapter 11 Cases since prior to the Petition Date.  LRC has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of these Chapter 11 Cases.  Thus, in order to maximize the value of the Debtors' estates, and because of LRC's recognized expertise in bankruptcy law, familiarity with the Court and Delaware practice, the Debtors desire that LRC represent them in these Chapter 11 Cases.

10.     The Debtors' employment of LRC under an evergreen retainer is appropriate and necessary to enable the Debtors to execute faithfully their duties in these Chapter 11 Cases.

## SERVICES TO BE PROVIDED BY LRC

11.     The Debtors anticipate that, in connection with these Chapter 11 Cases, LRC will render the following legal services in its role as conflicts counsel where PGX may have an interest adverse to Lexington Law Firm  including, but not limited to, the following:

    a.  Advising and assisting PGX with respect to its rights, powers and duties as debtors-in-possession and taking all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on PGX's behalf, defending any actions commenced against PGX, and negotiating disputes involving PGX;

    b.  Preparing and filing necessary pleadings, motions, applications, proposed orders, notices, and other documents, and advising PGX concerning, and preparing responses to, applications, motions, other pleadings, notices and other papers that may be filed and served in these cases;

    c.  Appearing in Court and any appellate courts to represent and protect the interests of PGX;

    d.  Advising and assisting PGX in maximizing value in these Chapter 11 Cases, including, without limitation, in connection with sales of assets, other transactions and/or the formulation of a disclosure statement and chapter 11 plan and all documents related thereto, and taking all further actions as may

be required in connection with any sale, disclosure statement or
plan during these Chapter 11 Cases; and

e.   Performing all other necessary legal services for PGX in
connection with the prosecution of these Chapter 11 Cases.

12.    By separate applications, the Debtors are also requesting that the Court approve

the retention of (i) Kirkland & Ellis LLP and Kirkland & Ellis International LLP as lead

bankruptcy counsel, (ii) Klehr Harrison Harvey Branzburg LLP as local bankruptcy counsel, and

(iii) Pachulski Stang Ziehl & Jones LLP as conflicts counsel to Lexington Law Firm.  LRC will

coordinate with the Debtors' other professionals in these Chapter 11 Cases to minimize

duplication of efforts to the greatest extent practicable.

**PAYMENT OF LRC'S FEES AND EXPENSES**

13.    Subject to the Court's approval and in accordance with Bankruptcy Code section

330, LRC will charge for its legal services on an hourly basis in accordance with its standard

hourly rates in effect on the date services are rendered.  The current rates of LRC partners range

from $820.00 - $1,150.00 per hour; associates range from $475.00 - $625.00 per hour; paralegals

range from $275.00 - $310.00 per hour; and legal assistants are $200.00 per hour.  The hourly

rates set forth herein are LRC's standard hourly rates for work of this nature.  These rates are set

at a level designed to compensate the firm fairly for the work of its attorneys and professional

staff, and to cover fixed and other routine overhead expenses.  These rates may change from time

to time in accordance with LRC's established billing practices and procedures, including yearly

rate increases at the beginning of each fiscal year.  LRC will maintain detailed, contemporaneous

records of time and any actual and necessary expenses incurred in connection with the rendering

of legal services described above by category and nature of the service rendered.

14.    In addition to the hourly rates set forth above, it is LRC's policy to charge its

clients for certain other expenses incurred in connection with its representation of the client.

These charges include, among other things, telecopier (outgoing only) toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges (at the rate of $0.10 per page in cases in which LRC is paid by a debtor's estate), travel expenses, expenses for "working meals," computerized legal research, transcription costs, document retrieval charges, as well as non-ordinary overhead expenses such as secretarial overtime. LRC will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients, or as required by the Local Rules.

15.    Within ninety (90) days of the Petition Date, LRC received a retainer payment on May 31, 2023 from the Debtors in the amount of $25,000 (the "Retainer") in advance payment for and to secure the payment of actual and estimated professional fees and disbursements to be incurred prior to the Petition Date. As explained in greater detail in the Rule 2016 Statement (defined below), prior to the Petition Date, LRC was paid from the Retainer after the submission of invoices. At no time prior to the Petition Date did LRC's invoiced fees and expenses exceed the amount of the Retainer. As set forth in the McGuire Declaration, and the *Statement Pursuant to Bankruptcy Code sections 329 and 504, Federal Rule of Bankruptcy Procedure 2016 and Local Rule 2016-1* (the "Rule 2016 Statement") attached hereto as **Exhibit C**, LRC applied a portion of the Retainer to its prepetition fees and expenses and, subject to further order of the Court, will hold the unused balance as an evergreen retainer to be held by LRC as security throughout these Chapter 11 Cases until LRC's fees and expenses are awarded by final order and payable to LRC.[4]

---

[4]  In this district, evergreen retainer agreements reflect normal business terms in the marketplace. *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("[T]he practice [of receiving security retainers] in this district has been engaged in since at least the early 1990s."). Moreover, LRC believes that its request for approval of an evergreen retainer in these cases satisfies the five-part test articulated by Judge Carey in *Insilco*. First LRC submits that the proposed terms of its engagement reflect normal business terms in the marketplace. Second, LRC submits that both it and the Debtors are sophisticated business entities that have negotiated the Retainer at arm's length. Third, LRC believes that approval of the Retainer as an evergreen retainer is in the best interests of the Debtors'

16.     LRC intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any other orders entered in these Chapter 11 Cases for all services performed and expenses incurred after the Petition Date.  In that regard, the Debtors and LRC shortly intend to develop a prospective budget and staffing plan in a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures.

17.     The Debtors propose to pay LRC its standard hourly rates in effect from time to time for services rendered and to reimburse LRC according to its customary reimbursement policies, which rates and policies the Debtors believe to be reasonable, subject to the provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and such further orders of the Court.

## BASIS FOR RELIEF REQUESTED

18.     Bankruptcy Code section 327(a) provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

19.     The standard for a debtor-in-possession to employ attorneys as counsel is set forth in Bankruptcy Code sections 327(a) and 1107.  Those sections provide that a debtor-in-

---

estates.  Indeed, at this crucial stage of the Debtors' Chapter 11 Cases, LRC believes that it is essential that the Debtors have immediate and uninterrupted access to sophisticated counsel to assist in the prosecution of its bankruptcy case.  Fourth, LRC is currently unaware of any creditor opposition to the approval of the Retainer as an evergreen retainer.  Fifth, given the size, circumstances, and posture of the Debtors' Chapter 11 Cases, LRC believes approval of the Retainer as an evergreen retainer provides it with an appropriate level of risk minimization in connection with the payment of its prospective fees and costs in these cases.  Indeed, in similar circumstances, the Court has overruled opposition from the United States Trustee and approved professional retainers as evergreen retainers.  *See, e.g., In re Capmark Fin. Group, Inc.*, Case No. 09-13684 (CSS) (Bankr. D. Del. Dec. 10, 2009) (Transcript of Hearing on Retention Applications [D.I. 490] at 42:7-22).

possession, with the Court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons."  11 U.S.C. §§ 327(a), 1107; *see also In re BH&P, Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991) (citing *In re Star Broadcasting, Inc.*, 81 B.R. 835, 838 (Bankr. D.N.J. 1988) (for counsel to be retained, "counsel must 'not hold or represent an interest adverse to the estate' and must be a 'disinterested person.'")).  A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect relationship with the debtor, or for any other reason.  *See* 11 U.S.C § 101(14)(C).  In general, however, subject to the requirements of Bankruptcy Code sections 327(a) and 1107, a debtor-in-possession is entitled to the counsel of its choosing.  *See, e.g.*, *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest of cases should the trustee be deprived of the privilege of selecting his own counsel").

20.     To the best of the Debtors' knowledge, except as disclosed in the McGuire Declaration, LRC neither holds nor represents any interest adverse to the Debtors' estates and is a "disinterested person" within the meaning of Bankruptcy Code sections 327(a) and 101(14).

21.     The Debtors believe that the employment of LRC is necessary and in the best interest of the Debtors and their estates.

## NOTICE AND NO PRIOR REQUEST

22.     The Debtors will provide notice of this application to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) each of the Debtors' creditors holding the thirty (30) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petition; (c) the Lenders; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; and (f) any party that has requested notice pursuant to Bankruptcy

Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

23.     No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto (i) authorizing the employment and retention of LRC as conflicts counsel *nunc pro tunc* to the Petition Date and (ii) granting such other and further relief as the Court deems just and proper.

Dated: June 30, 2023
      Wilmington, Delaware

                                    */s/ Chad Wallace*
                                    Chad Wallace
                                    Chief Executive Officer
                                    PGX Holdings, Inc.