# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| PGX HOLDINGS, INC., *et al.*,[1] | Case No. 23-10718 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Related D.I. Nos. 6, 58** |

## LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF

The Official Committee of Unsecured Creditors (the "Committee") appointed pursuant to section 1102 of Title 11 of the United States Code (the "Bankruptcy Code") in the chapter 11 cases (the "Chapter 11 Cases") of PGX Holdings, Inc., *et al.* (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby files this limited objection and reservation of rights (the "Objection") to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 6] (the "Wage Motion").[2] In support of this Objection, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Heath, Attorney At Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the Debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

AFDOCS:198536400.3

**PRELIMINARY STATEMENT**

1.  Just days before commencing these Chapter 11 Cases, the Debtors paid millions of dollars in retention bonuses to insiders, executives and other management personnel. The Debtors now seek authority to pay additional bonuses to many of the same management personnel who received bonuses in the weeks and days before the Petition Date. Meanwhile, the Committee has repeatedly requested documentation and information concerning the parameter, metrics, criteria, and qualifications for bonuses under the Non-Insider Quarterly Incentive Plan and the Non-Insider Quarterly Retention Program. Shortly prior to and over the weekend, some of the information and documents were finally made available to the Committee. Accordingly, the Committee objects to the Motion to solely to the extent it requests authority to pay (i) retention bonuses to executives or management personnel for which the Committee has not received sufficient information; and (ii) any other bonuses to executives or other management personnel who received bonuses from the Debtors in the ninety (90) days prior to the Petition Date.

**BACKGROUND**

2.  In March 2023, the United States District Court for the District of Utah issued a ruling that the Debtors had been violating telemarketing regulations for approximately 7 years. In response to the ruling, the Debtors were forced to modify their operations and terminated hundreds of employees. Days later, the Debtors also paid approximately $1.3 million in retention bonuses to insiders, executives, and other management personnel.

3.  On June 4, 2023 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases. Just days earlier, the Debtors paid more than $4.5 million in additional retention bonuses to insiders, executives, and other management personnel. The bonuses paid to executives and management shortly before the Petition Date were not disclosed in the Wage Motion.

4. On June 6, 2023, the Court approved the Wage Motion on an interim basis [Docket No. 58] (the "Interim Order"). The Interim Order provides that the Debtors are "not authorized to pay amounts on account of the Independent Director Compensation, the Non-Insider Quarterly Incentive Plan, the Non-Insider PROPs Bonus program, or the Non-Insider Quarterly Retention Program" pursuant to the Interim Order. *Interim Order*, ¶ 4.

5. The Committee was appointed on June 14, 2023 as set forth in the notice filed in the Chapter 11 Cases by the United States Trustee [Docket No. 90]. The Committee requested information from the Debtors relating to the basis, calculation, and payment of proposed bonuses pursuant to the Non-Insider Quarterly Incentive Plan and the Non-Insider Quarterly Retention Program, including copies of employee agreements and information relating to benchmarks and metrics used in calculating proposed bonus payments. Certain of the documentation and information requested by the Committee remains outstanding as of the filing of this Objection.

6. The Committee files this Objection based on the information received to date and reserves all rights.

**OBJECTION**

**I.     The Court Should Deny Authority to Make Certain Proposed Bonus Payments**

7. First, although the Debtors assert in the Wage Motion that they do not seek to pay bonuses to insiders, the Committee is still seeking information regarding the proposed payments. Section 101(31) of the Bankruptcy Code sets forth a non-exhaustive list of statutory insiders. Regardless of title, however, a person with broad responsibilities over significant aspects of a debtor's business is considered an insider, even if he or she is not an officer or director. *See In re Foothills Texas, Inc.*, 408 B.R. 573, 584 (Bankr. D. Del. 2009 (finding vice presidents who were not members of senior management, but who had broad responsibilities over significant aspects of

debtor's business, to be insiders).  Accordingly, the Committee objects to any bonus payment to management personnel to the extent relevant information remains outstanding for the Committee to make an informed and educated decision as to whether the bonus is to a non-insider and has been earned in accordance with the Debtors' routine compensation programs.

8. Second, the Committee objects to any bonus payment being made to management personnel who received bonuses in the 90 days prior to the Petition Date.  The Committee is still investigating the prepetition bonuses and understands that certain bonuses were "prepaid" and had not been earned.  Other bonuses may constitute preferences.  In either event, the Committee believes the prepetition bonuses paid shortly before these Chapter 11 Cases may be subject to avoidance actions that would, in turn, give rise to claim objections pursuant to Section 502(d) of the Bankruptcy Code.  Based on the Committee's ongoing investigation into the prepetition bonuses, the Committee requests that the Court deny without prejudice the Debtors' request to pay hundreds of thousands of dollars in additional bonuses to management personnel who received bonuses in the 90 days prior to the Petition Date.

9. Based on the confidentiality designations asserted by the Debtors with respect to the proposed bonus recipients, the Committee will identify to the Debtors the specific bonuses that are the subject of the Committee's objection.

10. The Committee will also continue to work with the Debtors to obtain relevant information and determine the propriety of the pre- and post-petition bonuses at issue.  Until such time as the Committee's objections are resolved, however, the Committee requests that the Court deny the Wage Motion solely to the extent set forth herein.

## RESERVATION OF RIGHTS

The Committee reserves the right to raise further and other objections to the Wage Motion prior to or at the hearing thereon in the event the Committee's objections raised herein are not resolved prior to such hearing or in the event that any further changes to the Motion and Proposed Final Order are proposed.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court deny the Motion as it relates to the proposed payments described herein or hold the Motion in abeyance and grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: July 17, 2023<br>Wilmington, Delaware | By: */s/ Eric J. Monzo*<br>Eric J. Monzo (DE Bar No. 5214)<br>Brya M. Keilson (DE Bar No. 4643)<br>Jason S. Levin (DE Bar No. 6434)<br>**MORRIS JAMES LLP**<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 888-6800<br>Facsimile: (302) 571-1750<br>E-mail: emonzo@morrisjames.com<br>E-mail: bkeilson@morrisjames.com<br>E-mail: jlevin@morrisjames.com<br><br>-and-<br><br>Andrew I. Silfen (admitted *pro hac vice*)<br>Beth M. Brownstein (admitted *pro hac vice*)<br>**ARENTFOX SCHIFF LLP**<br>1301 Avenue of the Americas, 42nd Floor<br>New York, New York 10019<br>Telephone: (212) 484-3900<br>Facsimile: (212) 484-3990<br>E-mail: Andrew.Silfen@afslaw.com<br>E-mail: Beth.Brownstein@afslaw.com<br><br>-and- |

Justin A. Kesselman (admitted *pro hac vice*)
**ARENTFOX SCHIFF LLP**
800 Boylston Street, 32nd Floor
Boston, MA 02199
Telephone: (617) 973-6100
Facsimile: (617) 367-2315
E-mail: Justin.Kesselman@afslaw.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*