**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| PGX HOLDINGS, INC., *et al.*,[1] | ) | Case No. 23-10718 (CTG) |
| Debtors. | ) | (Jointly Administered) |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## Introduction

The above captioned debtors and debtors-in-possession (collectively, the "Debtors"),[2] with the assistance of their proposed advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***") with the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "***Global Notes***") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"), nor

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PGX Holdings, Inc. (2510); Credit Repair UK, Inc. (4798); Credit.com, Inc. (1580); Creditrepair.com Holdings, Inc. (7536); Creditrepair.com, Inc. (7680); eFolks Holdings, Inc. (5213); eFolks, LLC (5256); John C. Heath, Attorney At Law PC (8362); Progrexion ASG, Inc. (5153); Progrexion Holdings, Inc. (7123); Progrexion IP, Inc. (5179); Progrexion Marketing, Inc. (5073); and Progrexion Teleservices, Inc. (5110). The location of the Debtors' service address for purposes of these chapter 11 cases is: 257 East 200 South, Suite 1200, Salt Lake City, Utah 84111.

2 A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chad Wallace, Chief Executive Officer of PGX Holdings, Inc., in Support of Chapter 11 Filing and First Day Motions* (the "***First Day Declaration***"), filed contemporaneously herewith on June 4, 2023 (the "***Petition Date***") and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date (as defined herein) or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Mr. Jared Hartley has signed each of the Schedules and Statements. Mr. Hartley is the Chief Financial Officer, Authorized Officer, or has signing authority for each of the Debtor entities. In reviewing and signing the Schedules and Statements, Mr. Hartley has relied upon the efforts, statements and representations of various personnel employed by the Debtors and advisors. Mr. Hartley has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Furthermore, the fact that the Debtors have prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in the Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to the rest of the Debtors' Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

**Global Notes Control.** In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The

Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("***Claim***") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

**Description of Cases**. On June 4, 2023 (the "***Petition Date***"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 6, 2023, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases under case number 23-10718 (CTG) [Docket No. 54].

**Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of May 31, 2023. Additionally, because the book values of assets such as patents, trademarks and copyrights may materially differ from their fair market values, they are listed as unknown amounts as of the Petition Date. Furthermore, assets which have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements, as they have no net book value.

**Personal Property – Leased**. In the ordinary course of business, the Debtors may lease furniture, fixtures and office equipment from certain third-party lessors for use in the daily operation of their businesses. Nothing in the Schedules and Statements is or shall be construed as an admission regarding any determination as to the legal status of any lease (including whether any lease is a

true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to any such issue.

**Recharacterization**. Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

**Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); and (e) Debtor/non-Debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose. The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for purpose of section 101(31) of the Bankruptcy Code.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that

such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Executory Contracts**. Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any claims held by any counterparty to such contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

**Classifications**. Listing a claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured" or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or leases or to setoff of such claims.

**Claims Description**. Schedules D, E and F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors.

**Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and accrued accounts payable. In addition, and as set forth herein, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to orders entered by the Bankruptcy Court.

The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected. In addition, certain immaterial assets and liabilities may have been excluded.

**<u>Causes of Action</u>**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on account of a contract or for breaches of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, whether asserted directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "***Causes of Action***") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

In the ordinary course of their business, from time to time, the Debtors become involved in litigation and informal disputes among third parties because the Debtors may hold funds that are the subject of the dispute. Where litigation has commenced, the funds in question are interpled into the applicable court; in other instances, i.e., where there is a dispute but no cause of action has been commenced, the Debtors hold the funds on account in suspense. With regard to litigation, upon the conclusion or settlement of the matter, the court typically orders that the interpled funds be paid to the appropriate party. With respect to informal disputes, upon receipt of a fully executed settlement agreement or similar evidence of properly cured title, the Debtors release the funds in question to the appropriate third party as directed by the settlement agreement. Because these funds are not property of their estates, the Debtors do not believe that they have any liability on account of such litigation. As such the informal disputes are not included in the Statements and Schedules.

**<u>Summary of Significant Reporting Policies</u>**. The following is a summary of significant reporting policies:

a. <u>Unknown Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

b. <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c. <u>Paid Claims</u>. The Debtors have authority to pay certain outstanding prepetition payables pursuant to various Bankruptcy Court orders. Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities. In most instances, as applicable, the Debtors have omitted listing those

prepetition liabilities which have been fully satisfied prior to the filing of these Schedules or reduced the remaining liability to reflect payments described herein. To the extent the Debtors pay any of the liabilities listed in the Schedules pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

d. Liens. Property and equipment listed in the Schedules are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

e. Currency. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

**Setoffs.** The Debtors incur certain setoffs, net payments, and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, credits, rebates, returns, refunds, negotiations, and/or disputes between the Debtors and their customers and/or suppliers.. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

**Estimates.** To close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make estimates, allocations, and assumptions that affect the reported amounts of assets, liabilities, revenue and expenses as of the Petition Date. The Debtors reserve all rights, but shall not be required, to amend the reported amounts of assets, revenue, and expenses to reflect changes in those estimates and assumptions.

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedules Summary.** Except as otherwise noted, the asset information provided herein represents the Debtors' data regarding their assets as of May 31, 2023, unless values as of the Petition Date were readily available, and the liability information provided herein represents the Debtors' data regarding their liabilities as of the close of business on the Petition Date. The

Debtors have excluded amounts where the prepetition liability has been reduced by postpetition payments pursuant to certain first-day relief.

For financial reporting purposes, the Debtors ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition

**Schedule A/B 2 and A/B 3**. Cash balances are listed as of the Petition Date. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate the Cash Management Systems, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (D) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 5] (the "***Cash Management Motion***").

**Schedule A/B 15**. Equity interests in subsidiaries arise from common stock ownership or member interests. Each Debtor's "Schedule B – Personal Property" lists such Debtor's ownership interests, if any, in subsidiaries. For purposes of these Statements and Schedules, the Debtors have listed the value of such ownership interests as unknown because the fair market value of such stock or interests is dependent on numerous variables and factors and may differ significantly from the net book value.

**Schedule A/B 55.** The Debtors do not own any real property. The Debtors' location and headquarters prior to the Petition Date were leased.

**Schedules A/B 59-69.** Intangibles and Intellectual Property listed in Schedules A/B 59-69 are listed as an unknown amount. The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value. The Debtors have made diligent attempts to properly identify which Debtor owns each domain name, but have been unable to do so given the historical nature by which the data was maintained. Given the ongoing restructuring efforts and staffing limitation, it would be unduly burdensome undertake this exercise at this time, and therefore, the Debtors have listed the majority of domain names on Progrexion Marketing, Inc.'s Schedule A/B. The Debtors reserve the right to amend this disclosure.

Schedule A/B 72. The Debtors file federal taxes on a consolidated basis. Net operating losses ("NOLs") and general business credit carryforwards are available to offset taxable income or reduce the tax liability of the consolidated group, of which PGX Holdings Inc. is the parent. Amounts listed for federal and state NOLs and general business credit carryforwards are based on the Debtors' reasonable estimates.

**Schedules A/B 74 and A/B 75.** In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, credits, refunds, or rebates. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counterclaims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed in the Schedules. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

**Schedule D.** The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

With respect to the Claims listed on Schedule D, reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. In addition, unless otherwise stated, the Debtors have not included on Schedule D parties that may hold liens on personal property or in connection with equipment leases. The Debtors reserve all of their rights to amend Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

**Schedule E/F.** The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, on June 6, 2023, the Bankruptcy Court entered that certain: *Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 58]; the *Interim Order (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief* [Docket No. 59]; the *Interim Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 60]; the *Interim Order (I) Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors and (II) Granting Related Relief* [Docket No. 62] (the "Vendor Order"); and the *Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered Into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief* [Docket No. 63]. To the extent that applicable Claims have been paid under one or more of the foregoing orders, such Claims may not be included in Schedule E/F. To the extent that partial payments on a claim have

been made postpetition with respect to the Lien Claimant Order or the Vendor Order or other first day relief, the claims listed on Schedule E/F have not been reduced for such payments.

The Debtors' analysis of potential priority claims is ongoing and may take significant time to complete. Accordingly, some amounts on Schedule E/F may have been classified as non-priority pending conclusion of that analysis. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve their right to dispute the priority status of any claim on any basis.

The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F, based upon the Debtors' books and records as of the Petition Date.

Determining the date upon which each Claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F. Furthermore, claims listed on Schedule E/F have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F may contain potential claims on account of pending litigation involving the Debtors. Each potential claim associated with any such pending litigation is marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the potential litigation claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule E/F may also include potential or threatened litigation claims. Any information contained in Schedule E/F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Additionally, Schedule E/F does not include potential rejection damage Claims, of the counterparties to executory contracts and unexpired leases that may be rejected.

Schedule E/F may reflect certain deposits that were provided to the Debtors prepetition by customers for future events. Certain of these deposits may have been applied postpetition in cases where the events have incurred. The amounts reflected on Schedule E/F have not been reduced for the utilization of such deposits.

**Schedule G.** Although reasonable efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement was an executory contract or unexpired lease as of the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases

and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Consistent with the Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (C) Serve Certain Parties in Interest by Email, (D) Approve the Form and Manner of Service of the Notice of Commencement (E) Redact or Withhold Certain Confidential Information, and (F) Redact Certain Personally Identifiable Information and (II) Granting Related Relief [Docket No. 64], contracts with customers do not appear on Schedule G.

**Schedule H.** For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule E/F and Statement 7, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 1 & 2.** Revenue amounts listed are through May 31, 2023

**Statement 3.** Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement 4), employees, and bankruptcy professionals (which payments appear in response to Statement 11). The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3. All disbursements listed on Statement 3 are made through the Debtors' cash management system.

**Statement 4.**

With respect to individuals, the amounts listed reflect certain payments and transfers to such individuals, including, without limitation, compensation, bonus (if any), expense reimbursement, relocation reimbursement and/or severance and the like.

Solely for purposes of the Schedules and Statements, the Debtors define "Insiders" to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); and (e) Debtor/non-Debtor affiliates. The listing of a party as an Insider in the Schedules and Statements, however, is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim, right or defense, and all such

rights, claims, and defenses are hereby expressly reserved. Furthermore, the Debtors have excluded corporate card use from this disclosure.

**Statement 6.** There may be instances where such a setoff has occurred without the Debtors' knowledge.

**Statement 7.** The Debtors reserve all rights with respect to the suits and proceedings included in Statement. 7. Nothing contained herein shall be construed as an admission of liability or waiver of any right or defense.

**Statement 9.** The Debtors collect charitable contributions from employees through various means, including withholding amounts from an employees' wages based on their elections. In these instances, the Debtors act as a conduit, passing the contribution through the Debtors' bank accounts to the charity. Out of an abundance of caution, the Debtors have listed these pass-through payments in response to this Statement request.

**Statement 11.** Payments related to bankruptcy are reflected on the Statement of the Debtor entity that made the payment, but are for the benefit of all Debtors. Furthermore, certain payments to professionals included on Statement 11 may not have been made in relation to bankruptcy preparation and may be included on this response.

**Statement 26d.** The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. The disclosure of each of such parties would be impractical and burdensome as the Debtors generally do not track such sharing. Moreover, the parties with which the Debtors have shared such financial statements may be in turn further shared the financial statements with other entities without the Debtors' knowledge or consent.

**Statement 30**. The responses to this item are included in Statement 4.

**Fill in this information to identify the case:**

Debtor name Credit Repair UK, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known) 23-10719

☐ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From ______ MM/DD/YYYY | to ______ | ☐ Operating a business<br>☐ Other ______ | $ ______ |
| **For prior year:** | From ______ MM/DD/YYYY | to ______ MM/DD/YYYY | ☐ Operating a business<br>☐ Other ______ | $ ______ |
| **For the year before that:** | From ______ MM/DD/YYYY | to ______ MM/DD/YYYY | ☐ Operating a business<br>☐ Other ______ | $ ______ |

2. **Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From ______ MM/DD/YYYY | to ______ | ______ | $ ______ |
| **For prior year:** | From ______ MM/DD/YYYY | to ______ MM/DD/YYYY | ______ | $ ______ |
| **For the year before that:** | From ______ MM/DD/YYYY | to ______ MM/DD/YYYY | ______ | $ ______ |

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7, 575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1 | Street<br>City State Zip Code | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |
| 3.2 | Street<br>City State Zip Code | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7, 575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1 | Street<br>City State Zip Code<br>**Relationship to debtor** | | $ | |
| 4.2 | Street<br>City State Zip Code<br>**Relationship to debtor** | | $ | |

Debtor Credit Repair UK, Inc. Case number (If known) 23-10719
Name

5. **Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1 | Street<br>City State Zip Code | | | $ |
| 5.2 | Street<br>City State Zip Code | | | $ |

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Street<br>City State Zip Code | | | $ |

Last 4 digits of account number: XXXX -

## Part 3: Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None **See Attached Rider**

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | <br>Case number | | Street<br>City State Zip Code | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2 | <br>Case number | | Street<br>City State Zip Code | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

Debtor Credit Repair UK, Inc. Case number (If known) 23-10719
Name

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| Street<br>City State Zip Code | | $ |
| | **Case title** | **Court name and address** |
| | **Case number** | |
| | **Date of order or assignment** | |

## Part 4: Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | Street<br>City State Zip Code | | | $ |
| | **Recipient's relationship to debtor** | | | |
| 9.2 | Street<br>City State Zip Code | | | $ |
| | **Recipient's relationship to debtor** | | | |

## Part 5: Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| | | | $ |

Debtor Credit Repair UK, Inc. Case number (If known) 23-10719

Name

## Part 6: Certain Payments or Transfers

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |

**Address**

Street

City State Zip Code

**Email or website address**

**Who made the payment, if not debtor?**

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2 | | | | $ |

**Address**

Street

City State Zip Code

**Email or website address**

**Who made the payment, if not debtor?**

12. **Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ |

**Trustee**

13. **Transfers not already listed on this statement**

List any transfers of money or other property-by sale, trade, or any other means-made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | | | | $ |

**Address**

Street

City State Zip Code

**Relationship to debtor**

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.2 | | | | $ |

**Address**

Street

City State Zip Code

**Relationship to debtor**

## Part 7: Previous Locations

14. **Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| | Address | Dates of Occupancy |
|---|---|---|
| 14.1 | Street<br>City State Zip Code | From To |
| 14.2 | Street<br>City State Zip Code | From To |

## Part 8: Health Care Bankruptcies

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1 | Street<br>City State Zip Code | | |

| Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
|---|---|
| | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.2 | Street<br>City State Zip Code | | |

| Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
|---|---|
| | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

## Part 9: Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☑ Yes. State the nature of the information collected and retained.

Name, address, email address, phone number, birthdate and other personally identifiable information related to credit repair or monitoring services.

Does the debtor have a privacy policy about that information?
☑ No
☐ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
Yes. Does the debtor serve as plan administrator?
☐ No. Go to Part 10.
☐ Yes. Fill in below

| Name of plan | Employer identification number of the plan |
|---|---|
| | EIN: |

Has the plan been terminated?
☐ No
☐ Yes

Debtor Credit Repair UK, Inc. Case number (If known) 23-10719

Name

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, old, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | Street<br>City State Zip Code | XXXX- | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other | | $ |
| 18.2 | Street<br>City State Zip Code | XXXX- | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other | | $ |

19. **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Street<br>City State Zip Code | | | ☐ No<br>☐ Yes |
| | **Address** | | |

20. **Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Street<br>City State Zip Code | | | ☐ No<br>☐ Yes |
| | **Address** | | |

Debtor Credit Repair UK, Inc. Case number (If known) 23-10719

Name

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| Street<br>City State Zip Code | | | $ |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| Case Number | Street<br>City State Zip Code | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Street<br>City State Zip Code | Street<br>City State Zip Code | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Street<br>City State Zip Code | Street<br>City State Zip Code | | |

## Part 13: Details About the Debtor's Business or Connections to Any Business

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1 | CREDITCO LIMITED (UK)<br>257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | Credit repair and monitoring services | EIN: 12367974<br>**Dates business existed**<br>From 12/17/2019 To Present |

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.2 | | | EIN:<br>**Dates business existed**<br>From To |

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.3 | | | EIN:<br>**Dates business existed**<br>From To |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and address | Dates of service |
|---|---|---|
| 26a.1 | WALLACE, CHAD<br>257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | From 6/4/2021 To PRESENT |
| 26a.2 | HARTLEY, JARED<br>257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | From 5/1/2023 To PRESENT |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | Name and address | Dates of service |
|---|---|---|
| 26b.1 | KPMG LLP<br>DEPT 0922<br>PO BOX 120922<br>DALLAS, TX 75312-0922 | From 6/4/2021 To PRESENT |
| 26b.2 | | From _____ To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| | Name and address | if any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1 | HARTLEY, JARED<br>257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | |

| | Name and address | if any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.2 | | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None **See Attached Rider**

| | Name and address |
|---|---|
| 26d.1 | Street<br>City State Zip Code |

| | Name and address |
|---|---|
| 26d.2 | Street<br>City State Zip Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| | Name and address of the person who has possession of inventory records |
|---|---|
| 27.1 | Street<br>City State Zip Code |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.2 |
| Street |
| City State Zip Code |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **See Attached Rider** | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **See Attached Rider** | | | From To |
| | | | From To |
| | | | From To |
| | | | From To |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 **Please Refer to SOFA Question 4.** | | | |
| Street | | | |
| City State Zip Code | | | |

| Relationship to debtor |
|---|
| |

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.2 | Street<br>City State Zip Code | | | |
| | Relationship to debtor | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| PGX Holdings Inc | EIN: 45-4352510 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: |

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7/31/2023
MM / DD / YYYY

**X** /s/ Jared Hartley
Signature of individual signing on behalf of the debtor

Printed name Jared Hartley

Position or relationship to debtor Authorized Signatory

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☑ Yes

Debtor Name: Credit Repair UK, Inc.

Case Number: 23-10719

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Debtor | Trading Partner | Period | Beginning Balance | Ending Balance | Net Monthly Activity Receivable / (Payable) |
|---|---|---|---|---|---|
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 6/1/2022 - 6/30/2022 | $ (5) | $ (5) | $ - |
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 7/1/2022 - 7/31/2022 | (5) | (5) | - |
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 8/1/2022 - 8/31/2022 | (5) | (5) | - |
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 9/1/2022 - 9/30/2022 | (5) | (5) | - |
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 10/1/2022 - 10/31/2022 | (5) | (5) | - |
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 11/1/2022 - 11/30/2022 | (5) | (5) | - |
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 12/1/2022 - 12/31/2022 | (5) | (5) | - |
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 1/1/2023 - 1/31/2023 | (5) | (5) | - |
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 2/1/2023 - 2/28/2023 | (5) | (5) | - |
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 3/1/2023 - 3/31/2023 | (5) | (5) | - |
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 4/1/2023 - 4/30/2023 | (5) | (5) | - |
| Credit Repair UK, Inc. | Creditrepair.com, Inc. | 5/1/2023 - 5/31/2023 | (5) | (5) | - |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 6/1/2022 - 6/30/2022 | $ (289,116) | $ (292,934) | $ (3,818) |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 7/1/2022 - 7/31/2022 | (292,934) | (292,934) | - |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 8/1/2022 - 8/31/2022 | (292,934) | (293,199) | (266) |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 9/1/2022 - 9/30/2022 | (293,199) | (293,199) | - |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 10/1/2022 - 10/31/2022 | (293,199) | (293,199) | - |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 11/1/2022 - 11/30/2022 | (293,199) | (293,199) | - |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 12/1/2022 - 12/31/2022 | (293,199) | (293,199) | - |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 1/1/2023 - 1/31/2023 | (293,199) | (293,199) | - |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 2/1/2023 - 2/28/2023 | (293,199) | (293,199) | - |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 3/1/2023 - 3/31/2023 | (293,199) | (293,199) | - |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 4/1/2023 - 4/30/2023 | (293,199) | (293,199) | - |
| Credit Repair UK, Inc. | Progrexion ASG, Inc. | 5/1/2023 - 5/31/2023 | (293,199) | (293,199) | - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 6/1/2022 - 6/30/2022 | $ (127) | $ (127) | $ - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 7/1/2022 - 7/31/2022 | (127) | (127) | - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 8/1/2022 - 8/31/2022 | (127) | (127) | - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 9/1/2022 - 9/30/2022 | (127) | (127) | - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 10/1/2022 - 10/31/2022 | (127) | (127) | - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 11/1/2022 - 11/30/2022 | (127) | (127) | - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 12/1/2022 - 12/31/2022 | (127) | (127) | - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 1/1/2023 - 1/31/2023 | (127) | (127) | - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 2/1/2023 - 2/28/2023 | (127) | (127) | - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 3/1/2023 - 3/31/2023 | (127) | (127) | - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 4/1/2023 - 4/30/2023 | (127) | (127) | - |
| Credit Repair UK, Inc. | Progrexion Marketing, Inc. | 5/1/2023 - 5/31/2023 | (127) | (127) | - |

Debtor Name: Credit Repair UK, Inc. Case Number: 23-10719

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case Number | Nature of Case | Court Name and Address | Status |
|---|---|---|---|---|
| N/A | 18780740410244116 | California State Income Tax Audit | STATE OF CALIFORNIA<br>FRANCHISE TAX BOARD<br>PO BOX 1673<br>SACRAMENTO, CA 95812 | Pending |

Debtor Name: Credit Repair UK, Inc. Case Number: 23-10719

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issues a financial statement within 2 years before filing this case.

| Name and Address |
|---|

In the ordinary course of business the Debtors provide financial statements to certain parties such as lenders, insurance brokers and carriers, and certain vendors and state regulators. The Debtors do not maintain complete lists to track such disclosures, and as such, the Debtors have not provided a listing of these parties in response to this question.

Debtor Name: Credit Repair UK, Inc. Case Number: 23-10719

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position | % Interest |
|---|---|---|---|
| CERVINKA, SEBASTIEN | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | DIRECTOR | N/A |
| CREDITREPAIR.COM HOLDINGS, INC. | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | SHAREHOLDER | 100% |
| DAVIS, EUGENE | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | INDEPENDENT DIRECTOR | N/A |
| DEVICO, MICHAEL | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | EXECUTIVE CHAIRMAN, DIRECTOR | N/A |
| ETHERINGTON, KELLY | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | SENIOR VICE PRESIDENT & CHIEF COMPLIANCE OFFICER | N/A |
| FARMER, JODY | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | SENIOR VICE PRESIDENT AND CHIEF REVENUE OFFICER | N/A |
| HARTLEY, JARED | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | CHIEF FINANCIAL OFFFICER | N/A |
| KAMERATH, ERIC M. | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | SENIOR VICE PRESIDENT AND CHIEF LEGAL OFFICER | N/A |
| KNAPTON, KEN | ADDRESS REDACTED | CHIEF INFORMATION OFFICER | N/A |
| MORRIS, JUDY | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | SENIOR VICE PRESIDENT AND CHIEF HUMAN RESOURCES OFFICER | N/A |
| NIELSON, KIRK | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | SENIOR VICE PRESIDENT & CHIEF MARKETING OFFICER | N/A |
| ROSE, TAYLOR | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | SVP & CHIEF PRODUCT OFFICER | N/A |
| WALLACE, CHAD | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | CHIEF EXECUTIVE OFFICER AND PRESIDENT | N/A |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name | Address | Position | Start | End |
|---|---|---|---|---|
| DEVICO, MICHAEL | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | FORMER PRESIDENT & CHIEF EXECUTIVE OFFICER | | 4/30/2023 |
| GIBBONS, DAVID | ADDRESS REDACTED | FORMER INDEPENDENT DIRECTOR | | |
| GOLDMAN, NEAL | ADDRESS REDACTED | FORMER INDEPENDENT DIRECTOR | | |
| ITOKAZU, JOHN | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | FORMER SENIOR VICE PRESIDENT & CHIEF CX OFFICER | | 5/1/2023 |
| KEALAMAKIA, TERRY | ADDRESS REDACTED | FORMER SENIOR VICE PRESIDENT, TELESERVICES | | 4/5/2023 |
| WALLACE, CHAD | 257 EAST 200 SOUTH<br>SUITE 1200<br>SALT LAKE CITY, UT 84111 | FORMER CHIEF FINANCIAL OFFICER | | 4/30/2023 |
| WESTON, TY | ADDRESS REDACTED | FORMER CHIEF OPERATING OFFICER | | 4/30/2023 |